UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLISHA SINEGAURE, *ET AL.*, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-1485 |
| | § | |
| OFFICER RENE VILLA, *ET. AL.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

This civil rights case is before the court on defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 22). Defendants' motion is granted.

## Background

Plaintiffs have sued 5 officers with the Galveston Police Department under 42 U.S.C. § 1983 for allegedly violating plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution.[1]

Plaintiffs' amended complaint alleges the following. Sinegaure and Smith were at Smith's home in Galveston on April 17, 2008 at approximately 9:00 p.m. when police knocked on the door. One of the plaintiffs asked who was there, and the response was "James." Smith opened the door and officers rushed in the house. Smith asked if they had

---

[1] The amended complaint makes passing reference to "ancillary (pendent) jurisdiction" over state law claims, but makes no specific allegation of violation of any state law. To the extent the amended complaint purports to allege state law claims, they are dismissed for failure to state a claim.

a warrant, but Officer Villa placed him in handcuffs, said "tell me where the crack is," and explained that the officers had a "tip" that there was drug activity at the residence. Sinegaure was "perturbed and discombobulated" because she did not have any clothes on. Officer Gomez asked "are those your clothes?" and she responded in the affirmative. Plaintiffs were charged, but the cases against them were dismissed, allegedly for lack of probable cause.[2]

## Analysis

### 1. Rule 12(b)(1) standards

In reviewing a 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949; *Gonzalez v. Kay,* 577 F.3d 600, 603 (2009).

---

[2] Apparently, Smith was subsequently arrested on separate charges because during discovery in this case he was in state custody. *See* Dkt. 23.

## 2. Plaintiffs' complaint

Plaintiff has asserted the violation of his Fourth and Fourteenth Amendment rights. The Fourteenth Amendment protects individuals against denial of due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Claims that there was no probable cause for an arrest or that an officer used excessive force must be analyzed under the Fourth Amendment, rather than under Fourteenth Amendment substantive due process standards. *Graham v. Conner*, 490 U.S. 386, 395 (1989).

Plaintiffs allegations do not support a claim for wrongful arrest because the facts alleged do not make a plausible claim that probable cause was lacking for the arrests. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Sorrenson v. Ferrie*, 134 F.3d 325, 330 (5th Cir. 1998). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). In this case, public records establish that a magistrate judge and a grand jury found probable cause to support the arrests.[3] Tellingly, plaintiffs do not allege that the warrant for their arrest was invalid. The magistrate and grand jury findings of probable cause negates plaintiffs' wrongful arrest claim as a matter of law. *Campbell v. City of San Antonio*, 43 F.3d 973, 976 (5th Cir. 1995).

---

[3] *See* Dkt. 22-1. The court takes judicial notice of these public records. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005).

To the extent plaintiffs attempt to state a claim for excessive force, that claim also fails. In order to prevail on an excessive force claim, a plaintiff must show (1) some injury; (2) which resulted directly and only from use of force excessive to the need; and (3) the excessiveness was objectively unreasonable. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Plaintiff do not allege any injury. Being handcuffed is not enough. *See Tarver v. City of Edna*, 410 F.3d 745, 751-52 (5th Cir. 2005).

In addition, plaintiffs have alleged individual action by only two of the five officers sued. Because personal involvement is an essential showing in a § 1983 case, *see, e.g., Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005), plaintiffs' claims against Officers Quiroga, Owens, and Roark must also be dismissed for this reason.

As to Officers Villa and Gomez, plaintiffs factual allegations are not sufficient to overcome qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Schultea v. Wood*, 47 F.3d 1427, 1432-34 (5th Cir. 1995) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)); *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489-90 (5th Cir. 2001). The qualified immunity inquiry has two prongs: (1) did the officers conduct violate a constitutional right; and (2) was that right clearly established? The court may exercise discretion in deciding which of the two prongs should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan,* 129 S. Ct. 808, 818

4

(2009). Villa placed Smith in handcuffs, asked him where the crack was, and told him they had a tip about drug activities. Gomez only asked Sinegaure to identify her clothes, and gave them to her. These acts simply do not implicate constitutional protections, much less establish a violation of a clearly established constitutional right that was objectively unreasonable under the circumstances.

## Conclusion

For the reasons stated above, the court concludes that defendants' Rule 12(b)(6) motion to dismiss (Dkt. 22) should be granted.[4] It is therefore ORDERED that plaintiffs claims in this case are dismissed with prejudice.

Signed at Houston, Texas May 7, 2010.

_____
Stephen Wm. Smith
United States Magistrate Judge

---

[4] Plaintiffs have not sought leave to amend in order to cure deficiencies in their pleading. Plaintiffs' response to the motion does not expand on the sparse factual allegations of the amended complaint, even though the parties have engaged in some discovery. The court concludes that amendment would be futile.